IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

IN THE MATTER OF THE FORECLOSURE )
OF THE DEED OF TRUST Dated February 8, )
1999, and Recorded in Book 1874, )
Page 473 in the Orange County Registry, )
Executed by HAYWOOD M. CLAYTON )
and wife, SYLVIA CLAYTON, )
                                        )     1:03CV00527
BY BARDEN W. COOKE, )
Substitute Trustee. )
_____ )

MEMORANDUM OPINION

TILLEY, Chief Judge

This case is before the Court on Plaintiffs' Motion to Vacate Orders [Doc. #20]. Plaintiffs Haywood and Sylvia Clayton ("the Claytons") seek relief from the Order of this Court dated July 14, 2003, Nunc Pro Tunc as of June 24, 2003 [Doc. #9] ("June 2003 Order"). In that Order, United States District Judge James A. Beaty, Jr., (1) granted a motion by Ameriquest Mortgage Company ("Ameriquest") to intervene as a real party in interest [Doc. #4], (2) granted Ameriquest's Motion to Remand [Doc. #2] by remanding this case to the Superior Court of Orange County, North Carolina, and (3) ordered the Claytons to pay Ameriquest's reasonable costs and attorneys' fees related to the Claytons' improper attempt to remove this case.[1] The Claytons now move for that Order to be vacated pursuant to Federal Rule of Civil Procedure 60(b)(6). For the reasons

---

[1] Ameriquest has since filed a Notice of Waiver of the award of attorneys' fees [Doc. #19].

set forth here, Plaintiffs' Motion to Vacate Orders will be DENIED.

I.

This foreclosure action was originally filed in North Carolina Superior Court in Orange County. On June 9, 2003, the Claytons filed a notice of removal of the case to U.S. District Court for the Middle District of North Carolina [Doc. #1]. Ameriquest subsequently moved to intervene[2] [Doc. #4] and to remand the action back to the Superior Court [Doc. #2]. On June 24, 2003, a hearing was held before Judge Beaty to address Ameriquest's motions in this case and a motion the Claytons had filed in a separate case before this Court, case number 1:02CV00415, for a temporary restraining order and preliminary injunction by which they hoped to avoid the foreclosure that is actually the subject of this case (1:03CV00527). The June 2003 Order granting Ameriquest's motions to intervene and to remand, and ordering the Claytons to pay Ameriquest's cost and attorney's fees resulted from that hearing.[3]

The Claytons appealed from the June 2003 Order in July of 2003 [Doc. #10]; Ameriquest moved to dismiss the appeal. The Fourth Circuit granted Ameriquest's motion and dismissed the appeal on October 1, 2003 [Doc. #15].

---

[2] Ameriquest is the holder of a promissory note that was executed by the Claytons, which is secured by the deed of trust that is the subject of the underlying foreclosure action.

[3] This was the Clayton's second removal within a year of a state foreclosure proceeding concerning the same property. Finding no federal jurisdiction, Judge Beaty had remanded the earlier case on July 5, 2002. (1:02CV00453)

The Claytons then filed a petition for rehearing en banc [Doc. #16], which the Fourth Circuit denied on December 2, 2003 [Doc. #17]. The Claytons now ask this Court to vacate Judge Beaty's June 2003 Order.

This is one of several cases brought to this Court by the Claytons in an attempt to avoid foreclosure of a deed of trust securing a promissory note held by Ameriquest. The deed of trust is upon Mr. Clayton's residence in Chapel Hill, North Carolina. As background, Mr. Clayton and his wife filed suit in both this Court (in case number 1:02CV00415, filed on May 28, 2002) ("415" or "the 415 case") and in state court seeking, on varied grounds, to enjoin foreclosure and to obtain other relief based upon the loan transaction. On July 8, 2002, Mr. Clayton filed a motion in the 415 case [Docs. #8, 9] seeking a temporary restraining order ("TRO") preventing the foreclosure which had been set for July 11, 2002, in Orange County, North Carolina. The motion was submitted to Judge Beaty on July 9th and he entered an order [Doc. #10] on July 10, 2002, granting the TRO, contingent upon the posting of a $5,000 bond. Notice of the order was given telephonically by the office of the Clerk of this Court to Mr. Clayton on July 10th and the written order was faxed to Mr. Clayton and to the Clerk of Court of Orange County on July 11th. Rather than post the bond with this Court, Mr. Clayton appeared in the Superior Court of Orange County on July 11th seeking an order restraining the foreclosure. According to Mr. Clayton, Judge Rand, the state judge, refused to hear his action, stating that he had formerly been a lawclerk for Judge

3

Beaty. From that statement, Mr. Clayton infers that there must have been some bias against him on the part of both Judge Rand and Judge Beaty.

The Claytons' current motion for relief from the June 2003 Order in this case is based on their allegation that Judge Beaty was biased against them and should have recused himself before ruling in this case. Plaintiffs removed the instant case to this Court nearly one year after that proceeding, and yet never filed a motion requesting that Judge Beaty recuse himself.

Plaintiffs' allegations of bias also apparently arise from proceedings in case number 1:02CV00415. In that case, the Claytons did file a motion for recusal and/or change of venue on September 22, 2003, alleging that Judge Beaty was biased against them. On September 23, 2003, the Claytons entered into a settlement agreement in that case, the terms of which were read into the record before Judge Beaty.[4] The Claytons failed to comply with the terms of that agreement, however, and on October 6, 2003, Ameriquest (the defendant in that case) filed a motion to enforce the settlement agreement. During a hearing on that and other motions in 1:02CV00415 on November 25, 2003, Judge Beaty recused himself -- not because of actual bias or a "reasonable basis" for the motion, but solely because of "the perception Mr. Clayton has raised" (trans. pp. 64, 65) -- granting in part the Claytons' September 22 motion for recusal and/or change of

---

[4] Ameriquest's Notice of Waiver of the attorneys' fees award [Doc. #19] mentioned in note one, supra, was filed pursuant to the settlement agreement in 1:02CV00415.

4

venue.

On November 26, 2004, one year and one day after Judge Beaty recused himself in 1:02CV00415, seventeen months after the June 2003 Order, and twenty-eight months after Judge Rand's statements, the Claytons filed this motion to vacate on the grounds that they "were denied constitutional rights to a fair hearing in matters before Judge Beaty as a direct and proximate result of Judge Beaty's failure to disclose bias toward the Plaintiffs and recuse himself prior to making substantial rulings adversely affecting Plaintiffs [sic] to prosecute their claim in this matter." (Pls.' Mot. Vacate Orders at 1.) On the same day that the present motion was filed, the Claytons filed 60(b) motions on the same grounds in 1:02CV00415 and in another case before this Court involving Mr. Clayton, 1:03CV00083. Orders, accompanied by Memorandum Opinions, denying relief in those cases are being filed contemporaneously.

II.

Federal Rule of Civil Procedure 60(b) allows for relief from an order in certain instances, for example in the case of mistake or fraud or, under 60(b)(6), "for any other reason justifying relief from the operation of the judgment [or order]." Fed. R. Civ. P. 60(b)(6). In order to prevail in a motion seeking relief under Rule 60(b), a plaintiff must first show that he has met certain "threshold conditions." National Credit Union Admin. Bd. v. Gray, 1 F.3d 262, 264 (4th Cir. 1993). The movant "must show [1] that his motion is timely, [2] that he has a meritorious defense to

5

the action, and [3] that the opposing party would not be unfairly prejudiced by having the judgment set aside." Park Corp. v. Lexington Ins. Co., 812 F.2d 894, 896 (4th Cir. 1987). If all of the threshold conditions are met, the analysis proceeds to a second stage of inquiry: whether the movant has satisfied one or more of the six grounds for relief in 60(b)(1)-(6). Werner v. Carbo, 731 F.2d 204, 207 (1984). A motion under 60(b)(6), for instance, may be granted only upon the movant's showing "extraordinary circumstances." Klapprott v. United States, 335 U.S. 601, 613 (1949); Reid v. Angelone, 369 F.3d 363, 370 (4th Cir. 2004). If the movant is able to establish the elements of the first and second stages of this analysis, the "court must balance the competing policies favoring the finality of judgments and justice being done in view of all the facts, to determine, within its discretion, whether relief is appropriate in each case." Square Constr. Co. v. Washington Metro. Area Transit Auth., 657 F.2d 68, 71 (4th Cir. 1981).

A.

Rule 60(b) requires that "[t]he motion shall be made within a reasonable time." Fed. R. Civ. P. 60(b). Courts must determine what is a "reasonable time," and the burden to show timeliness lies with the movant, who must offer a "satisfactory explanation" for any delay. Central Operating Co. v. Util. Workers of Am., 491 F.2d 245, 253 (4th Cir. 1974) (upholding denial of 60(b) motion as untimely where "almost four months" passed between notice of judgment and 60(b) motion); see also McLawhorn v. John W. Daniel & Co., 924 F.2d 535, 538

6

(4th Cir. 1991) (same, three and one-half months); Consol. Masonry & Fireproofing, Inc. v. Wagman Constr. Corp., 383 F.2d 249, 251 (4th Cir. 1967) (same, two and one-half months); Jones v. Richmond, 106 F.R.D. 485, 490 (E.D. Va. 1985) (discussing Central Operating and Consolidated Masonry and denying as untimely 60(b) motion filed "over three months" after movant received notice of grounds for the motion).

The Claytons have failed to meet the first threshold condition of timeliness. They filed the Motion seventeen months after the hearing that resulted in the Order from which they now seek relief, and more than sixteen months after the written Order was entered. They have given no explanation for the extensive delay. Nor they do they explain why they waited more than two years after learning of the grounds alleged as a basis for bias (the July 11, 2002, hearing before Judge Rand) before acting on that knowledge.[5] Their motion is untimely and for that reason must be DENIED.

---

[5] This case is therefore distinguishable from Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847 (1988). In that case, Health Services Acquisition Corporation (HSAC) filed a 60(b)(6) motion for relief from a judgment entered following a bench trial on the grounds that the presiding judge should have disqualified himself due to a conflict of interest. HSAC's 60(b)(6) motion was allowed even though it was filed approximately ten months after the judgment had been affirmed on appeal. In contrast to the instant case, however, Liljeberg was "not a case involving neglect or lack of due diligence by [movant]." 486 U.S. at 864 n.11. HSAC had no way of learning of the conflict of interest any earlier than it did, and filed the motion promptly upon discovering the conflict. Id.

7

B.

Even if the Claytons' Motion had been timely filed, it would nevertheless not be granted because they have failed to show that they have a meritorious claim, or that this is case of extraordinary circumstances under Rule 60(b)(6). Klapprott, 335 U.S. at 613; Reid, 369 F.3d at 370. In order to be granted relief under 60(b), the movant must "demonstrate that granting that relief will not in the end have been a futile gesture. . . ." Boyd v. Bulala, 905 F.2d 764, 769 (4th Cir. 1990). The Claytons have not shown that vacating the June 2003 Order remanding this case to Orange County Superior Court would be anything other than a futile gesture. They have not shown that the remand was in any way improper, or anything other than the necessary result in this case. Furthermore, the Claytons have not shown that this is a case of extraordinary circumstances. "[F]or a movant's case to succeed, the material offered in support of his Rule 60(b)(6) motion must be highly convincing." Holland v. Virginia Lee Co., Inc., 188 F.R.D. 241, 252 (W.D. Va. 1999) (internal quotations omitted). Beyond their own sweeping accusations, they have not produced any evidence of bias in this case. Plaintiffs' Motion to Vacate must accordingly be DENIED.

8

III.

For the reasons stated above, Plaintiffs' Motion to Vacate Orders [Doc. #20] will be DENIED.

This the day of August 24, 2005

                                                          /s/ N. Carlton Tilley, Jr.
                                                          United States District Judge